And we'll move to our fifth case of the morning. Okay, our fifth case is Brian Towne v. Karen Donnelly, appeal number 21-2469. Mr. Barnett, good morning. We'll begin with you. Good morning, your honor. May it please the court. The issue that appellant contends on appeal is very distinct. The appellant contends that recent Supreme Court case law suggests that the court should reevaluate its prior holding in geckos, which is that a First Amendment retaliation claim accrues at the time of the Retaliatory Act. The appellant contends that specifically the case of McDonough v. Smith suggests that since Mr. Towne is asserting a collateral attack on the validity of a criminal prosecution, that such a claim, such a constitutional claim... Mr. Barnett, can I ask you a question regarding geckos? Yes, your honor. Maybe you can explain your position, why we have to revisit geckos, whether geckos is correct or wrong. Geckos has nothing to do with probable cause. Hartman, the Supreme Court, said that probable cause is a requirement to be pled and proved in a First Amendment retaliation claim. So you have to plead it in your complaint. Geckos has nothing to do, it's a civil case in a different context, it has nothing to do with probable cause. That's correct, your honor. Why do we revisit geckos after Hartman? Because, your honor, geckos said straight out that a retaliatory prosecution claim does not accrue at the termination of the criminal proceeding. Unfortunately, geckos did not provide any type of case precedent or anything like that, and notably in geckos, the attorney for the plaintiff improperly conceded that no such sort of retaliatory prosecution existed, and we know that that is not accurate. But geckos is saying that retaliation claims and malicious prosecution claims are fundamentally different, and it's our contention that that reasoning is inaccurate or incorrect, and that a First Amendment retaliatory prosecution claim that attacks the validity of a criminal prosecution should accrue at the termination of the criminal proceeding. But for you to win it, why does it have to be that way? I mean, you know, statute of limitations are typically fact-intensive inquiries, and what you need to plead to establish a First Amendment retaliation claim is the absence of probable cause. You may learn of the, I don't know when you may have learned of it in this case, it's not before us, but you may have learned of the absence of probable cause prior to the criminal case being dismissed, but not necessarily at the date of the indictment. So in other words, you take a federal criminal case with the someone would be indicted, and the government would hold on to grand jury transcripts until shortly before trial. Shortly before trial, they turn over those grand jury transcripts, which demonstrates an absence or lack of probable cause. At that moment, before the criminal case is dismissed, but after the indictment, why would the statute of limitations on a First Amendment retaliation claim not begin to run right then? Because at that moment, you would be able to get specific facts, the absence of probable cause, but not necessarily before that moment. So does that make sense? I mean, it's like, Guy gets a malicious prosecution, why do you have to go down that route to have this case remanded to the district court? Yes, Your Honor. And I'm going to try to answer that inquiry as the best as I can. It's correct that Mr. Towne may have realized that, you know, upon the tendering of the grand jury transcripts that no probable cause existed. However, because we're attacking the entirety of the criminal prosecution, not just the initial arrest, or not just the issuing of the grand jury indictment, it's our position that because we're challenging the entirety, that such a cause of action would not accrue until the criminal prosecution was terminated. And Your Honor, Mr. Towne may have had a valid First Amendment retaliation claim upon the discovery that there was no probable cause. However, as the Supreme Court set forth in McDonough, just because that that is when he could have a cause of action doesn't mean that it's not when, and I will quote, the date on which a constitutional injury first occurs is not the only date which the limitations period may have run. So because Mr. Towne is not simply saying that the grand jury indictments in and of themselves were the act of retaliation, but the entirety of the criminal prosecution, to that end, he would not be able to bring a claim based on asserting that the criminal prosecution in its entirety is wrong until the criminal prosecution terminates in his favor. Would he be able to bring a claim under those circumstances for malicious prosecution? Once the criminal prosecution has terminated in his favor, yes, he can bring a malicious prosecution claim, Your Honor. He would be able to bring a claim, just not a First Amendment, and he may be able to bring a First Amendment claim if he's within the two-year statute of limitations period. And if the court determines that the political retaliation claim doesn't accrue at the time of the dismissal, then yes. If it was within two years of the initial retaliatory act, then yes, he would be able to bring a federal First Amendment claim. However, because there is no federal malicious prosecution in this jurisdiction, the only way to challenge the criminal prosecution, which we contend was in violation of his First Amendment rights, is to bring a First Amendment retaliatory prosecution, Your Honor. Mr. Barnett, can I ask you, how is the application of the rule announced in GECA, set aside for a minute, whether you can distinguish it because it arose out of a rule? How does it result in unfairness in these facts and circumstances, at least as we know them on the present state of the record? And all I'm trying to get at with that question is, it sure seems to me that when the indictment was handed down, that Mr. Towne would have done more than suspect political retaliation. He would have said, this whole thing reeks of it. Right? In other words, Karen Donnelly in the local politics, that's not something that's foreign to him. He's well aware of who she is and what was going on and what position she held, etc., etc. Yes, Your Honor. And that is a good point. Upon the issuing of the indictments, Mr. Towne did suspect that. However, that put him in a untenable and undesirable situation where he would either have to file a civil lawsuit while the criminal case is pending or forego filing a civil lawsuit. And had he filed a civil lawsuit that was parallel with the criminal prosecution, he would have been under discovery obligations that are not typically imposed on criminal defendants. He would have had to have sit for a deposition, which would have had him choose between his Fifth Amendment right to remain silent or prosecuting his civil lawsuit, which is precisely the type of position that the Supreme Court cautioned against in McDonnell to prevent against these parallel criminal civil proceedings. Because it's fundamentally unfair for a plaintiff to make that Right. So is that another way of saying that that predicament that you described there is your explanation for why our court was wrong in Gekas? Yes, Your Honor. Because to challenge the criminal prosecution, to have to require a criminal defendant slash potential plaintiff to not only be It's fundamentally unfair, Your Honor. And I have a little under less than a minute, so I would request a little bit of rebuttal time if there are no questions. No problem. We'll give you a minute on rebuttal, and we'll turn to Ms. Torellio. Thank you, Your Honor. Thank you, Your Honor. I'm Jennifer Toriello. I'm here representing all defendants' appellees today. I would like to acknowledge co-counsel Marty McMahon and Scott Dozel, who are on the live stream right now. And so as to not have disjointed argument, we chose to have one of us present today on behalf of all the defendants' appellees. By this appeal, plaintiff seeks to have this court reexamine its prior holding in Gekas, but the plaintiff has provided the court with no reasoned basis to do so. Plaintiff himself has benefited from the accrual rules set up by Gekas in other cases brought against him. So he's here now, and to that end, we cited the Astor case in our brief. That is one where Mr. Towne asserted this very rule to secure a dismissal of a claim that was brought against him for retaliatory prosecution under the First Amendment. Mr. Earl, can I interrupt you to ask a question just to make sure I understand your position clearly, and maybe I don't, but I think your position is that at the time, if an individual, forget this case, if any individual believes that they were the victim of a retaliatory prosecution, at the moment the indictment was returned, the statute of limitations begins to run. And so within a two-year period, they must file a civil lawsuit seeking under 1983 for district court judge stays the civil litigation pending the outcome of the criminal litigation, or the alternative is to proceed with discovery in the First Amendment retaliation claim, which would be extraordinarily prejudicial to a criminal defendant while criminal proceeding is ongoing, or the alternative is just to forego the First Amendment retaliation claim altogether. They can't file it. And they also have to defeat a motion to dismiss at the time of filing that they have a, I guess, just a bold conclusion that the indictment or the charging document lacks probable cause because they may have to file their First Amendment complaint prior to receiving discovery in the case in which it would demonstrate in which they could plead facts showing a lack of probable cause. Until that time, they just have to plead. You see, paragraph 7, there was no probable cause for the charging document. And then they have to defend a 12b6 motion that that's okay. Because I could see a circumstance, unless you think I'm wrong, I could see a circumstance where a district court judge would stay discovery, but not necessarily litigation of a 12b6 motion. So plaintiff files a First Amendment retaliation claim. The defendant files a motion to dismiss instead of an answer. And the district court judge says, go ahead and respond to the motion to dismiss. We don't need to stay anything right now, because you're not entitled to discovery to plead your complaint. You need to stand on the pleadings. The whole point of a 12b6 motion is to decide the case prior to discovery. So what's a plaintiff to do under those circumstances? I mean, here, the circumstances here are particularly weak. Well, and I know they're different, but all I have is the complaint. I don't, we've not developed any of these timelines in the district court yet. We have a timeline with respect to, I mean, as soon as the grand jury indictments came down on the charges of official misconduct and misapplication of funds, the plaintiff in his complaint says that, you know, at that point, he knew that he, you know, the indictments were secured to settle a political score. That is what's alleged in this complaint. And I think in a nutshell, our position is this isn't McDonough because McDonough dealt with the creation of a rule, a new accrual rule based on hack. Hold on. Let me, let me, let me interrupt you right there. That's not what the complaint says. I went back and looked at the complaint thinking that maybe you would make that argument. What the complaint says is upon information and belief, defendant Golandry testified and made numerous false statements in an attempt to obtain an indictment, which was ultimately secured. Such misconduct was done pursuant to the defendant's conspiracy against plaintiff. And then it also says, in addition, upon information and belief defendants, Donnelly, Muller, and Kidder made misstatements to the grand jury in their attempt to attain an indictment. What the complaint does not say, and what is, what is important, at least to me is when the plaintiff learned that information. Because I, I'm with you. If the plaintiff learned that information, then perhaps the statute of limitations begins at that time. Perhaps we don't have to wait until the plaintiff says the criminal case is dismissed in order to begin the statute of limitations. But here we don't know when the plaintiff learned that information. Well, we do because, and this goes to Judge Scudder's point in questioning Mr. Barnett, the political climate here was certainly well known to Mr. Towne. The fact that Karen Donnelly was an opponent. There is a major history of animosity between these two characters, all of which is pledged, stemming from the time where Ms. Donnelly tried to get a job in Mr. Towne's office, stemming from a criminal conviction that was pursued by Mr. Towne's office against her son. Do those things though equal a lack of probable cause? You know, I understand that he pled the political climate, but, but that doesn't necessarily mean that there was no probable cause. Imagine he was charged for burglary or robbery or something like that, that happened six months after the election. He could certainly make those, I mean, people do it all the time, right? This, someone's charged with a crime. This is just a political witch hunt by one of my political enemies. That often turns out to be totally false. It's not a political witch hunt. It has nothing to do with the political enemy. But, but, but that doesn't really have to do with the absence of probable cause. I could conceive of a scenario just like what you're describing, your honor, where a prosecution is brought based on some political endeavor and vendetta, but the evidence is completely clean. And I think the point, our main point is that for McDonough, McDonough's fair trial claims, McDonough is 14th amendment fabrication of evidence claims. That's what that rule's about. That's not what we have here. When he just says, generically, I'm attacking the integrity of my criminal prosecution. It's different. McDonough was about the methods of prosecution. So now for Brady claims, for fabricating evidence claims, you're going to see that rule in McDonough be triggered for a delayed approval. But here, we're talking about motivation for prosecution. That's a big difference. I'm not thinking about McDonough. I'm thinking more about Hartman. It says that probable cause is required to be pled and proved in a first amendment retaliation claim. And what I'm seeing, you may very well be right. And you may very well win on a statute of limitations, affirmative defense in the district court. You may be able to say the statute, he had noticed on a particular day, the statute began to run on that day because as of that day, he could have pled the two-year statute of limitations has since run. But why should the statute of limitations begin to run on the day the indictment was returned if there's no evidence in the record that on that date, he would have been able to prove or plead a lack of probable cause for the indictment, which is a necessary element under Hartman. It is a necessary element under Hartman. And I think that's where he's trying to say that because I have to show a lack of probable cause, this likens me to McDonough, that this is a situation where I'm caught in a catch-22. And I don't think it is. Because again, nothing about having to defend myself against claims that I misappropriated funds or I engaged in official misconduct is going to put me in a typically in my hand. They're two separate things. I mean, whether or not a prosecution was motivated, ill-motivated by some political endeavor, and vendetta doesn't have anything to do with, you know, the evidence that's going to be there for those offenses. It has to do with probable cause. I mean, any lawyer worth, any hourly retainer, the first thing they would do is notify the plaintiff for deposition, right? And then they would focus right in on the lack of probable cause. Where did you get this information? And they would ask questions. I assume, let's start with the date of the event, right? Where were you on that day? Who was with you? I mean, I've asked these questions and I think that's the route that they would go down. I hear what your honor is saying and I think that's what this hinges on, is that they want to say, and this isn't the first time this particular line of argument's been raised. The Rapp case out of the Sixth Circuit was another one where someone said, you know, the fact that I have to establish a lack of probable cause puts me in line with the McDonough accrual analysis. And, you know, in closing, I see I'm almost out of time. Gekas is still being cited. Gekas is being cited. I mean, this is a case that we've seen in the past year, both in the Eighth Circuit and from the District Court out of Wisconsin. It remains good law. Nothing in McDonough said it's not good law. And this wouldn't be the first time someone's come to this court asking for an extension of McDonough, where it doesn't apply. I mean, we've seen that as recently as last year as well. And I have that case citation for the court in Smith v. City of Chicago. Someone came to court saying, well, apply McDonough to my Fourth Amendment pretrial detention claim. And the court said, no, you're operating under a different, you know, amendment. We're not going to extend McDonough to this. And you shouldn't do so here either. Thank you for your time. I'd ask for an affirmance of the District Court's dismissal order. Thanks to you, Ms. Torello. Mr. Barnett, we'll turn back to you. Yeah, you have a minute for rebuttal. Thank you, Your Honor. Just briefly, the appellees did not address the major concern from Your Honor, which is the rock and the fireplace position that filing a civil lawsuit would have put Mr. Towne and similarly situated potential plaintiffs when a criminal prosecution is proceeding. You know, we would argue that by challenging the criminal prosecution in its entirety and by having to both plead and prove the lack of cause, Mr. Towne should not be required to merely make such a claim at the time until the criminal prosecution has terminated. So that way he would be able to prove that there was a lack of probable cause for all of the claims. And just briefly, so it is not waived, I would respect that the immunity arguments raised by the appellees and their response be remanded and that this court would reverse and remand the case back down to the District Court, finding that the statute of limitations of GECKAS is not applicable to Mr. Towne's claims because simply by GECKAS continuing to be cited doesn't necessarily make its reasoning sound. Thank you, Your Honors. Thanks to both counsel. The case will be taken under advisement.